# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:15-CR-00283 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| CURTIS WALDRON | : | Electronically filed |

# BRIEF IN SUPPORT OF MOTION
# FOR RECONSIDERATION OF
# ORDER OF SEPTEMBER 3, 2020

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

## STATEMENT OF THE CASE

The defendant, Curtis Waldron, submitted a request for a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with this Court, which appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Mr. Waldron in connection with the request. Docs. 78, 80. Mr. Waldron submitted a counseled supporting brief, the government filed an opposing brief, and Mr. Waldron filed a reply. Docs. 86, 90, 91. By order of September 3, 2020, this Court denied the motion. Doc. 92.

## STATEMENT OF THE ISSUE

Whether this Court should reconsider its decision denying Mr. Waldron's motion for a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to correct a mistake of fact or law.

## ARGUMENT

The purpose of a motion for reconsideration is to correct manifest mistakes of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Here, reconsideration is warranted in light of a mistake of fact or law.

The motion for compassionate release, which was premised largely on the extraordinary risks to Mr. Waldron's health and safety resulting from the recent outbreak of COVID-19 and his pre-existing medical conditions, was denied on the ground that "Mr. Waldron has not served a sufficient amount of his time." Doc. 92

at 4. However, service of a particular amount of an imposed sentence is not a prerequisite for compassionate release or a reduction in that sentence under 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the foregoing reasons, this Court should reconsider the order dated September 3, 2020, grant the motion for compassionate release and reduction of sentence, and resentence the defendant accordingly.

Date: September 4, 2020	Respectfully submitted,

/s/ *Quin M. Sorenson*

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

> William A. Behe, Esquire
> United States Attorney's Office
> *william.behe@usdoj.gov*

Date:  September 4, 2020        /s/ *Quin M. Sorenson*
                                QUIN M. SORENSON, ESQUIRE
                                Assistant Federal Public Defender