THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:15-CR-0283 |
| Respondent | : | |
| | : | |
| v. | : | JUDGE RAMBO |
| | : | |
| CURTIS WALDRON, | : | MAGISTRATE JUDGE CARLSON |
| Petitioner | : | |

**AMENDED PETITION TO VACATE, SET ASIDE, AND/OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

**AND NOW**, this 18th day of January, 2021, comes Petitioner Curtis Waldron (hereinafter "Petitioner") by and through his court-appointed counsel, Dean E. Reynosa, Esquire, and files this Amended Petition to Vacate, Set Aside, and/or Correct Sentence pursuant to 28 U.S.C. § 2255:

**PROCEDURAL AND FACTUAL HISTORY**

On December 2, 2015, the Petitioner was indicted with Count (1) unlawfully possessing with the intent to distribute heroin, at least 500 grams of cocaine hydrochloride, and at least 280 grams of cocaine base between January 1, 2015 through October 1, 2015; and Count (2) unlawful distribution of heroin, marijuana, and cocaine hydrochloride on October 2, 2015.  **See Document 1.**  On September 12, 2016, the Petitioner pled guilty to Count 2 of the indictment.  **See Document 38.**  On March 30, 2017, the Petitioner appeared before the Honorable Sylvia H. Rambo for sentencing when he was sentenced to a term of incarceration of 151 months.  **See Document 57.**

At sentencing Judge Rambo accepted the determination in the Presentence Report that Petitioner qualified as a career offender on the basis of two prior drug

1

trafficking convictions.  **Notes of Testimony, Sentencing (March 30, 2017) at 21.** Petitioner asserts that his counsel provided him with incorrect advice concerning the possibility of designation as a career offender prior to his decision to plead guilty in this matter.  Petitioner asserts that had he known that he would have been designated a career offender in this matter, he would not have pled guilty and he would have instead proceeded to trial.[1]

The two offenses that led to the career offender designation included an offense from York County, Pennsylvania from November 8, 1994, and an offense in the Middle District of Pennsylvania from January 3, 2007.  **PSR ¶¶ 27 and 30.**  Petitioner's objection to the career offender designation focused on the first drug trafficking conviction from 1994.

This first offense was docketed in York County at CP-67-CR-4522-1994 and the offense date was November 8, 1994.  **PSR ¶ 27.**  Records show that Petitioner pled guilty on March 6, 1995.  **Id**.  He was sentenced to a period of incarceration of 2 – 5 years and he was first paroled on January 24, 1996.  **Id**.  Petitioner's parole was revoked on February 15, 1997 and he was re-paroled on September 28, 1997.  **Id**. Parole was again revoked on January 6, 1998, and he was again re-paroled on November 13, 2000.  **Id**.  The case was finally closed on September 4, 2001.  **Id**.

Petitioner argued at sentencing that the York County conviction from March 6, 1995, concerning the November of 1994 offense, should not be utilized in determining

---

[1] Due to the pandemic and the fact that the Petitioner is currently incarcerated in the State of Texas, Counsel is not able to obtain an affidavit from Petitioner.  The statements in this Petition are based upon counsel's review of the record, case materials and telephone discussions with Petitioner.

2

whether he was a career offender.  **See Documents 51 and 55**.  Acknowledging that two unreported Third Circuit decisions had concluded otherwise[2], Petitioner argued that the look-back period should have ended when the original sentence would have expired on March 6, 2000.  Judge Rambo rejected Petitioner's argument and sentenced him as a career offender noting that the offense fell within the fifteen year look-back period.  **N.T., Sentencing at 21.**  In a decision filed on August 28, 2018, the Third Circuit held that the District Court did not err in classifying Petitioner as a career offender based upon his two drug trafficking convictions, including the York County conviction.  **United States v. Waldron, 736 Fed.Appx. 42 (3d. Cir. 2018).**  The Third Circuit held that the fifteen year look-back properly included time when the Petitioner had been recommitted on parole violations.  The Court noted that "Because [Petitioner] was incarcerated after October 2, 2000, for his November 1994 conviction and subsequent parole revocation, it is within the applicable look-back period."  **Id. at 43**.

Following several extensions of time to file a 2255 Petition, Judge Rambo noted that Petitioner must file his 2255 Petition not later than April 30, 2020.  **See Document 76.**  Petitioner's *pro se* 2255 Petition was signed by him on April 30, 2020, postmarked on May 1, 2020, and marked filed on May 5, 2020.  **See Document 77.**  On June 19, 2020, Petitioner filed a *pro se* Motion to Amend his 2255 Petition to add an additional claim of ineffectiveness concerning an allegation that counsel should have filed a written motion for a variance based upon his mental health issues.  **See Document 85.**  The Government filed a response to Petitioner's original 2255 Petition on June 18, 2020.

---

[2] **United States v. Maynard**, 596 Fed.Appx. 56 (3d. Cir. 2015); and **United States v. Williams**, 570 Fed.Appx. 137 (3d. Cir. 2014).

3

***See* Document 84.**  A review of the docket entries does not reveal a response or comment by the Government as to Petitioner's requested amendment filed on June 19, 2020.

Judge Rambo referred this matter to United States Magistrate Judge Martin C. Carlson and Judge Carlson determined that a hearing may be necessary and he appointed counsel to represent the Petitioner.  ***See* Document 97.**  After a request for an extension of time to file, an Amended Petition is due to be filed on January 18, 2021. This is Petitioner's first petition under 28 U.S.C. § 2255.

<b><u>BASIS FOR RELIEF UNDER 28 U.S.C. § 2255</u></b>

A federal inmate may move to "vacate, set aside or correct" his sentence if it was "imposed in violation of the Constitution of laws of the United States…or is otherwise subject to collateral attack."  **28 U.S.C. § 2255 (a).**  Petitioner's claim for relief is cognizable because a denial of effective assistance of counsel is a violation of the Sixth Amendment right to counsel.

Counsel provides ineffective assistance when (1) counsel takes action or inaction which fell below an objective level of professional competence; (2) counsel lacked a strategic basis for such action or inaction; and (3) the Petitioner suffered prejudice as a result.  **Strickland v. Washington, 466 U.S. 668 (1984).**

The **Strickland** ineffectiveness standard applies to cases which were resolved via guilty plea.  A guilty plea is invalid for ineffective assistance of counsel claims if the movant shows (1) counsel's performance fell below reasonable standard of care for attorneys practicing criminal law; and (2) it is reasonably that, but for counsel's ineffective advice, the

4

movant would have not pleaded guilty.  **United States v. Nahodil**, 36 F.3d 323, 326 (3d. Cir. 1994).  Section 2255 is a proper vehicle for raising challenges to the voluntariness of a guilty plea after judgment of sentence has been imposed.  **Id. at 330.**  "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." **Hill v. Lockhart**, 474 U.S. 52, 56 (1985).  Where a defendant is represented by counsel throughout the plea process and enters a plea on advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorney's in criminal cases." **Id. at 56.**  Plea counsel "is required to give a defendant enough information…to make a reasonably informed decision whether to accept a plea offer." **Shotts v. Wetzel**, 724 F.3d 364, 376 (3d. Cir. 2013).

"The decision to plead guilty – first, last, and always --- rests with the defendant, not his lawyer.  Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequences of conviction." **Smith v. United States**, 348 F.3d 545, 552 (6th Cir. 2003).  The right to effective representation applies at all critical stages of representation.  **Lafler v. Cooper,** 566 U.S. 156, 165 (2012).

### COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVISE PETITIONER OF HIS POSSIBLE EXPOSURE TO DESIGNATION AS A CAREER OFFENDER

The Plea Agreement notes the maximum exposure for the offense of conviction.  ***See* Document 38 at ¶ 1.**  Petitioner claims that he was never advised of the fact that he

may face exposure as a career offender.  If Petitioner had not been designated a career offender, the adjusted offense level would have been 30 and he would have been eligible for a three level reduction for acceptance of responsibility.  **PSR at ¶¶ 20 and 22.**  Likewise, Petitioner's Criminal History Category would have been a V instead of a VI had he not been designated a career offender.  **Id. at ¶ 34.**  Considering the Sentencing Guideline Matrix, Petitioner's sentencing range, had he not been deemed a career offender, would have been between 120 – 150 months (CHC V and Offense Level 27) for the offense of conviction.  However, considering the designation as a career offender, Petitioner's sentencing range was between 151 – 188 months.  **PSR at ¶ 68.**

Petitioner asserts that he would not have pursued a plea agreement had he known that he would have been exposed to the more severe penalties of a career offender.  In fact, after learning that Judge Rambo sentenced him as a career offender, Petitioner stated "No, my counsel.  We went over that, and she told me I was not a career offender."  **N.T., Sentencing (March 30, 2017) at 27.**  Petitioner additionally added that "Yeah, I Know, but we didn't have a clue that was, you know what I mean –"  **Id.**

Generally, the Third Circuit has noted that so long as the change of plea hearing adequately informed the defendant of the maximum penalty, a petitioner cannot prevail on a claim of ineffective assistance of counsel.  ***See generally*** **Jones v. United States, 131 Fed.Appx. 819 (3d. Cir. 2005).**  While the change of plea hearing in the matter *sub judice* did cover items such as maximum sentence exposure, in reviewing the sentencing transcript and the *pro se* petition filed by Petitioner, it is clear that Petitioner asserts that he was advised that he "was not a career offender."  **N.T., Sentencing at 27.**  It is submitted

that this presents a different situation than one presented where counsel may not fully discuss the potential for career offender exposure at all.  It is submitted that this situation is different since Petitioner relied upon counsel in making a decision to enter into the plea agreement based allegedly upon incorrect information concerning his lack of exposure as a career offender.  The first situation is where a client is not informed as opposed to where a client is misadvised and relies upon the incorrect advice to his detriment.

It is submitted that **United States v. Colon-Torres**, 382 F.3d 76 (1st Cir. 2004) provides some persuasive guidance in this situation.  In **Colon-Torres**, the defendant pled guilty after relying upon advice from his counsel, the prosecutor and the court that, based upon the information that the defendant had provided, he would not be subject to a career offender designation.  When the presentence report was prepared, it was determined that the defendant was in fact subject to career offender designation.  The defendant thereafter renegotiated his plea agreement.  However, the sentencing court sentenced the defendant to the bottom of the guideline range for a career offender (151 months).  On direct appeal, the defendant raised questions of ineffective assistance of counsel.

In **Colon-Torres**, a panel of the First Circuit Court of Appeals, noting that ineffective claims are generally not reviewable on direct appeal, remanded the matter for an evidentiary hearing.  The court suggested that there were several factual issues that should be considered at the remanded hearing.  One such claim included whether there was ever a discussion to withdraw Colon-Torres' plea after learning that he was properly classified as a career offender.  Also, the court was interested in the timeline concerning counsel's discovery of Colon-Torres' criminal history and what was provided to him by his client.  The

court noted that these issues could not be resolved without first having an evidentiary hearings.

Likewise, it is respectfully submitted that Petitioner's claims cannot be resolved without an evidentiary hearing.

### PETITIONER'S PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY WHEN ENTERED FOR LACK OF KNOWLEDGE OF THE CORRECT APPLICATION OF THE CAREER OFFENDER GUIDELINES

For a guilty plea to be validly entered, the plea and attendant waiver of constitutional rights must be affirmatively shown to be an intelligent and voluntary decision by the defendant. **Boykin v. Alabama, 395 U.S. 238 (1969).** In order for a valid guilty plea to be intelligent and voluntary, a defendant must be properly advised of his sentencing exposure. As noted in **United States v. Cobb, 110 F.Supp.3d 591 (E.D.Pa. 2015)**, the defendant's counsel mistakenly advised that he was subject to career offender guidelines. Since he mistakenly thought he may have been subject to more severe exposure as a career offender, the defendant in **Cobb** instead went to trial and was convicted. In this case, Petitioner alleges that he was advised that he was not a career offender so he elected to plead guilty with the understanding that he would be facing a substantially less guideline range than he would have if he were in fact a career offender. Petitioner has alleged that had he known he was a career offender he would have proceeded to trial.

It is submitted that a hearing is required to determine what advice was provided to Petitioner concerning his exposure to the career offender guidelines. If it is determined that Petitioner's decision to plead guilty was based upon incorrect advice, he should be permitted to withdraw his plea.

### PETITIONER'S CLAIM IS TIMELY

A motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255 (f)(1). A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized the right asserted and made it retroactively applicable to cases on collateral review; or (4) the petitioner could have discovered, through due diligence the factual predicate for the motion.

Petitioner was sentenced on March 30, 2017. He filed a direct appeal to the Third Circuit Court of Appeals. The Court of Appeals filed its Opinion on September 19, 2018. By order dated September 10, 2019, Judge Rambo extended the time to file until December 18, 2019. **Document 72.** By Order dated November 18, 2019, Judge Rambo again extended the deadline to file to March 30, 2020. **Document 74.** By Order dated March 17, 2020, Judge Rambo granted one final extension to file through April 30, 2020. **Document 76.** *See generally* **Pabon v. Superintendent S.C.I. Mahanoy, 654 F.3d 385, 391 n.8 (3d. Cir. 2011)**("The federal "prisoner mailbox rule" provides that a document is deemed filed on the date it is given to prison officials for mailing."). Petitioner signed his *pro se* 2255 Petition on April 30, 2020, and it was postmarked for May 1, 2020. **Document 77**. The *pro se* Petition was docketed on May 5, 2020. **Id**. A *pro se* motion to Amend the 2255 Petition was filed on June 19, 2020. **Document 85.**

Judge Carlson appointed counsel and following one request for an extension of time to file, a counseled petition is due to be filed not later than January 18, 2021. **Document 102.**

## A HEARING ON THE MOTION IS NECESSARY

As determined by the Magistrate Judge, a hearing is necessary in order for the Petitioner and prior counsel to testify regarding the process of plea negotiations. Petitioner will testify regarding (i) his recollection of the discussion with prior counsel concerning his sentencing exposure and to what extent, if any, a career offender designation was discussed; (ii) whether there were any discussions to move to withdraw his plea of guilty after the career offender designation; and (iii) whether he would have entered a plea of guilty had he been advised that he would be designated a career offender.

## CONCLUSION

It is respectfully submitted that Petitioner is entitled to relief under 28 U.S.C. § 2255 if it is determined that his guilty plea was the product of ineffective assistance of counsel.

Respectfully Submitted,

**GRIEST, HIMES, HERROLD, REYNOSA, LLP**

By:____/s/Dean E. Reynosa_____
Dean E. Reynosa, Esquire
Sup. Ct. ID No. 80440
129 East Market Street
York, Pennsylvania 17401
(717) 846-8856
(717) 846-3610 (fax)
dreynosa@ghhrlaw.com

### THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:15-CR-0283 |
| Respondent | : | |
| | : | |
| v. | : | JUDGE RAMBO |
| | : | |
| CURTIS WALDRON, | : | MAGISTRATE JUDGE CARLSON |
| Petitioner | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of January, 2021, I caused the foregoing document to be filed *via* ECF and that Assistant United States Attorney William A. Behe is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Filing to all filing users associated with this case. Electronic Service by the Court of the Notice of Electronic Filing constitutes service of the filed documents and no additional service upon the filing user is required.

Respectfully Submitted,

**GRIEST, HIMES, HERROLD, REYNOSA, LLP**

By:____/s/Dean E. Reynosa_____
Dean E. Reynosa, Esquire
Sup. Ct. ID No. 80440
129 East Market Street
York, Pennsylvania 17401
(717) 846-8856
(717) 846-3610 (fax)
dreynosa@ghhrlaw.com